WILLIAM A. HIGGINS, EDMUND F. HIGGINS and JACQUES
D. HEGERMAN, Trading and Doing Business under
the Firm Name and Style of WILLIAM A. HIGGINS
& Co., Plaintiffs, *v.* MORRIS STEINHARDTER and EMIL
S. NORDLINGER, Trading and Doing Business under
the Firm Name and Style of STEINHARDTER & NORD-
LINGER, HENRY W. MUNROE, FREDERICK DE REISET, ·
GEORGE PEABODY MUNROE and EUGENE P. ICKNELL,
Trading and Doing Business under the Firm Name
and Style of JOHN MUNROE & Co., and J. BAGET
JORNET, Defendants.

(Supreme Court, New York Special Term, February, 1919.)

Injunctions — when injunction pendente lite will be granted — actions
— bills, notes and checks.

Where plaintiffs' application for a letter of credit in favor
of defendant J., to be used in payment for a shipment of
walnuts purchased from him, provided that the credit should
expire on a certain date, on or before which the shipment
must be made, but it was in fact made a month later, an
injunction *pendente lite* in an action to restrain the collection
and payment of a draft drawn against the letter of credit and
for its cancellation, on the ground that defendant had de-
faulted on his contract, will be granted.

MOTION for an injunction.

Macklin, Brown, Purdy & Van Wyck, for plaintiffs.

Stroock & Stroock, for defendant John Monroe &
Co.

FINCH, J. This is a motion for an injunction
restraining the defendants John Monroe & Co. from
accepting and paying for plaintiffs' account a draft

drawn against a letter of credit in favor of the defendant Jornet, issued by said John Monroe & Co. on plaintiffs' application. It appears that said credit was to be used in Spain in payment for a shipment of walnuts purchased by the plaintiffs from the defendant Jornet, to be shipped on or before November 7, 1918. Plaintiffs' application for said credit provided that the credit should expire November 7, 1918, on or before which date shipment must be made, and that bills of lading and consular invoice should accompany drafts against the credit. Plaintiffs bring the action now pending to restrain the collection and payment of the moneys called for in the letter of credit and for the cancellation of said credit, upon the ground that the defendant Jornet defaulted on his contract in that the walnuts were not shipped from Spain until December, 1918. Plaintiff further sets forth in his complaint that the defendant Jornet procured a bill of lading falsely stating said shipment was made on October 30, 1918, and that the defendant Monroe & Co., although notified by plaintiff of what plaintiff claims to be the facts as above stated, have affirmed that upon presentation of drafts accompanied by bill of lading showing shipment prior to November 7, 1918, they will accept and pay the same. It is clear that the plaintiff authorized a credit to apply only to a shipment made on or before November seventh, and hence, if shipment was made subsequent to that date, a payment made against said credit would be unauthorized. It became an unused credit, canceled by limitation of time. *Welsh v. Gossler,* 89 N. Y. 540, 545. The defendant John Monroe & Co. raised the point upon the argument that they may have become obligated to pay drafts drawn against said credit in any event, because of the transfer of such drafts to third parties. But, as before stated, plaintiffs authorized payment only on account of a

shipment made by a certain date. If defendant Monroe & Co.'s agent accepted in proof of such shipment a bill of lading which was in fact false as to the time of shipment, then such act of defendants' agent is proximate cause of any risk of loss by the issuance of drafts against the said credit. The motion for a stay *pendente lite* is **granted.**

Motion granted.